**Nancy L. BELCHER, Administratrix of the Estate of Carl V. Belcher, Deceased, Plaintiff,**

**v.**

**J. H. FLETCHER & COMPANY, a corporation, Defendant and Third–Party Plaintiff,**

**v.**

**ALLIED CHEMICAL CORPORATION, a corporation, Third–Party Defendant.**

**Civ. A. No. 80–1005.**

United States District Court, S. D. West Virginia, Bluefield Division.

Sept. 19, 1980.

G. David Brumfield, Ballard & Brumfield, Welch, W. Va., for plaintiff.

Donald D. Hodson, Beckley, W. Va., for Allied Chemical Corp.

Charles L. Woody, and William T. Brotherton, Charleston, W. Va., for J. H. Fletcher & Co.

MEMORANDUM OPINION AND ORDER

KIDD, District Judge.

This action is before the Court on the motion of third–party defendant, Allied

**630**

Chemical Corporation, (hereinafter "Allied Chemical"), to dismiss the third–party complaint for failure to state a claim upon which relief can be granted.

Plaintiff, on behalf of her decedent, filed a wrongful death action against defendant J. H. Fletcher & Co., (hereinafter "Fletcher"), in the Circuit Court of McDowell County, alleging that decedent's death was a direct and proximate result of the defendant's designing, manufacturing, distributing and selling a defective and unreasonably dangerous roof control drill. Decedent was a coal miner employed by Allied Chemical and was killed while operating a roof control drill. Defendant Fletcher filed a third-party complaint, naming decedent's employer, Allied Chemical, as the third–party defendant and alleging that "the Third–Party Defendant, Allied Chemical Corporation, failed to make or allow to be made safety modifications to the machine plaintiff's decedent was operating and also failed to properly instruct plaintiff's decedent in the operation of said machine." The defendant and third–party plaintiff then demanded judgment against the third–party defendant for any and all sums attributable to the "negligence of Allied Chemical Corporation in and about the accident that caused plaintiff decedent's death ..." The Circuit Court of McDowell County permitted the joinder and the case was timely removed to this Court by Allied Chemical. Allied Chemical then filed its motion to dismiss.

◼ The question before this Court is whether, under West Virginia law, Fletcher is barred from recovery against Allied Chemical by the immunity provisions of the West Virginia Workmen's Compensation Act. For reasons set forth more fully hereinafter, the Court is of the opinion that Allied Chemical's motion should be granted and the third–party complaint dismissed.

◼ Generally, employers who subscribe and pay into the Workmen's Compensation Fund are not to be "held liable to respond in damages at common law or by statute for the injury or death of any employee, however occurring" unless the employer is in default as to payment into the fund. W.

Va.Code § 23–2–6. This provision has been consistently construed as relieving the employer from common law liability for negligent injury or the death of an employee. *See McVey v. Chesapeake & Potomac Telephone Co.,* 103 W.Va. 519, 138 S.E. 97 (1927). Thus the right of the injured employee to workmen's compensation has been substituted in lieu of his cause of action against the negligent employer and this remedy of compensation is an exclusive remedy. *Makarenko v. Scott,* 132 W.Va. 430, 55 S.E.2d 88 (1949).

The immunity form liability extends "to every officer, manager, agent, representative or employee of such employer when he is acting in furtherance of the employer's business and does not inflict an injury with *deliberate intention.*" W.Va.Code § 23–2–6a (emphasis added). Thus, the only exception to the general blanket of immunity is where the employer can be said to have acted with deliberate intention. This exception has been interpreted recently by the West Virginia Supreme Court of Appeals in *Mandolidis v. Elkins Industries, Inc.,* 246 S.E.2d 907 (W.Va.1978). The *Mandolidis* court held that an employer is subject to a common–law tort action for damages or for wrongful death where the employer commits an intentional tort or engages in wilful, wanton and reckless misconduct. Furthermore, the conduct removing the immunity bar must be undertaken with a knowledge and an appreciation of the high degree of risk of physical harm to another and a finding of liability will require "a strong probability that harm may result."

Here, the plaintiff's complaint makes no allegation of wilful, wanton and reckless misconduct. The plaintiff's complaint is predicated solely upon Fletcher's alleged negligence in the manufacture and design of the roof control drill and plaintiff's amended complaint further alleges that Fletcher failed to warn the "user" about the proper operation of the roof control drill. The third–party complaint also speaks only of negligence and not of wilful, wanton or reckless misconduct. Allied Chemical chose not to file an answer and

instead relies upon a motion to dismiss; thus the allegations of the third–party complaint remain undenied.

Keeping in mind the pertinent rules of construction, it appears that, viewing all allegations as true, reasonable men could not infer therefrom the intent necessary to state a claim on which relief could be granted under the liberal provisions of *Mandolidis, supra.* Indeed, the *Mandolidis* court recognized that to bring a case within W.Va.Code § 23–4–2, even allegations of gross negligence are insufficient. At the very least, there must be alleged facts from which the natural and probable consequence reasonably to be anticipated would be death or serious injury to the employee affected thereby. *Mandolidis, supra.* Here there are allegations of negligence and no more. Therefore, it is clear that, under the present pleadings, plaintiff is barred from direct recovery against the employer, Allied Chemical.

But the Court's inquiry must proceed one step further. Given the fact that plaintiff cannot recover from Allied Chemical, nevertheless, may Fletcher seek contribution from Allied Chemical?

A similar issue was raised in *Halstead v. Norfolk & Western Railway Co. v. Anderson's Black–Rock, Inc.*, 350 F.2d 917 (4th Cir. 1965) where it was held that, absent a contractual agreement to indemnify, recovery by a third party against the employer is barred by the exclusive liability provisions of the West Virginia Workmen's Compensation Act. The great majority of jurisdictions are in accord with this position:

> "... [T]he employer whose concurring *negligence* contributed to the employee's injury *cannot be sued or joined by the third party as a joint tortfeasor*, whether under contribution statutes or at common law. The ground is a simple one: the employer is not jointly liable to the employee in tort; therefore he cannot be a joint tortfeasor ... the claim of the employee against the employer is solely for statutory benefits; his claim against the third person is for damages. The two are different in kind and cannot result in a common liability." (emphasis added).

*Larson's Workmen's Compensation* § 76.20 and cases cited therein. *See* 53 A.L.R.2d 977, 985.

Fletcher's position, as set forth in its brief, apparently is that the case of *Bradley v. Appalachian Power Co.*, 256 S.E.2d 879 (W.Va.1979), in which the West Virginia Supreme Court of Appeals adopted a rule of comparative negligence, has left many questions unanswered, including rules as to contribution and, therefore, that there is no controlling West Virginia law for this Court to apply. While the *Bradley* decision may not have fully answered all questions in the area of comparative negligence, that decision certainly left unaffected the prevailing law regarding an employer's *liability* under the West Virginia Workmen's Compensation Act. The allegations of the third–party complaint and reasonable inferences therefrom fail to establish that Allied Chemical is a joint tortfeasor and thus liable in damages. Questions regarding contribution need not be answered unless a determination is first made that a party is liable.

Acceptance of Fletcher's theory would essentially allow recovery on the basis of negligence against a subscribing employer and such a result would totally undermine the purposes of the West Virginia Workmen's Compensation Act. The Act "was designed to remove negligently caused industrial accidents from the common law tort system." *Mandolidis v. Elkins Industries, Inc.*, 246 S.E.2d 907 (W.Va.1978). This Court is not prepared to assume the role of the legislature and will not create judicial amendments to a sound statutory scheme.

Accordingly, it is hereby ORDERED that the motion of third–party defendant, Allied Chemical Corporation, to dismiss the third–party complaint for failure to state a claim upon which relief can be granted be, and the same is hereby, granted.