517 S.E.2d 308

**Harold Frank McBEE and Paulbera McBee, Plaintiffs below, Appellants,**

v.

**U.S. SILICA COMPANY, a Delaware corporation, Defendant below, Appellee.**

No. 25340.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 17, 1999.

Decided June 24, 1999.

---

13. We note that Mrs. Mitchell did not appeal that part of the order granting the divorce.

James J. Matzureff, Esq., Power, Beck & Matzureff, Martinsburg, West Virginia, Attorney for the Appellants.

Gary W. Hart, Esq., Mychal S. Schulz, Esq., Jackson & Kelly, Charleston, West Virginia, Attorney for the Appellee.

PER CURIAM:

This case is before this Court upon an appeal of a final order of the Circuit Court of Morgan County entered on February 13, 1998. The appellants, Harold McBee ("McBee") and Paulbera McBee [1] appeal the entry of summary judgment in favor of the appellee, U.S. Silica Company ("Silica").

This action results from a work-related injury of Harold McBee and is based on the statutory "deliberate intention" exception to the immunity of employers from civil liability provided by the workers' compensation system in *W.Va.Code*, 23–4–2(c)(2)(ii) [1994].[2]

---

1. Paulbera McBee, wife of Harold McBee, asserted a claim for loss of consortium below and joins her husband in this appeal.

2. To establish liability against an employer pursuant to *W.Va.Code*, 23–4–2(c)(2)(ii) [1994], an employee must prove each of the following:

(A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

(B) That the employer had a subjective realization and an appreciation of the existence of such specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by such specific unsafe working condition;

(C) That such specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of such employer, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C) hereof, such employer nevertheless thereafter exposed an employee to such specific unsafe working condition intentionally; and

(E) That such employee so exposed suffered serious injury or death as a direct and proximate result of such specific unsafe working condition.

The circuit court found that McBee failed, as a matter of law, to meet his burden under *W.Va.Code,* 23–4–2(c)(2)(ii)(B) and (D), thereby granting Silica's motion for summary judgment.

McBee argues that he did provide sufficient evidence demonstrating that the management of Silica knew of the danger presented so as to create an issue of material fact, and that the circuit court erred in granting summary judgment in favor of Silica.

Following our review of the record and applicable law, we find that the circuit court did not err in granting summary judgment, and, accordingly, we affirm.

## I.

McBee was an employee of U.S. Silica's Berkeley Springs facility, where he, at the time of the accident in question, worked as a "tester." McBee's job required him to collect samples of silica sand in paper bags at various stages of the production process, and then take the samples to the testing room where the sand was tested for quality.

Occasionally McBee was required to take additional "special" samples.[3] To obtain the samples, McBee was required to walk across an elevated catwalk that was located between the first and second floors. The catwalk had been part of the facility since approximately 1948. There were two ways to get on and off the catwalk—either descend from the second floor down a set of steps, or ascend from the first floor up a vertical ladder that extended through an opening in the catwalk.

On August 24, 1994, during the midnight shift, McBee was required to collect "special" samples. Samples were to be taken from both ends of the catwalk. In the middle of the catwalk was the ladder access opening to the first floor. Somehow, he fell through the opening. After the accident, McBee only remembered heading toward the steps leading to the catwalk; otherwise, he had no memory of the events. His next memory was waking up in the hospital. Nor did McBee have any memory of what he was doing immediately prior to the accident.

No one was present when McBee was injured. McBee was found lying on the first floor under the ladder access opening by a fellow employee. McBee sustained a severe head injury. Because McBee had no memory of the events, and because there were no witnesses, it is not known whether McBee was descending the ladder when he fell, or whether he was crossing over the ladder access opening to get to the other side of the catwalk.

The United States Mine Safety and Health Administration ("MSHA") was notified of the accident, but did not issue a citation.

McBee filed suit against Silica under *W.Va.Code,* 23–4–2(c)(2)(ii) [1994], the "deliberate intention" exception to the employer's immunity granted to employers by the West Virginia Workers' Compensation statute.

After substantial discovery, Silica moved for summary judgment, arguing that McBee had failed to provide sufficient evidence to establish elements (B), (D), or (E) as set forth in *W.Va.Code,* 23–4–2(c)(2)(ii) [1994]. The circuit court granted summary judgment in favor of Silica, finding that McBee had failed to provide sufficient evidence to withstand the motion in regards to subparagraphs (B) and (D). This appeal followed.

## II.

This Court has recognized that "[a] circuit court's entry of summary judgment is reviewed *de novo.*" Syllabus Point 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). Further, this Court has held that, "[i]f there is no genuine issue as to any material fact summary judgment should be granted but such judgment must be denied if there is a genuine issue as to a material fact." Syllabus Point 4, *Aetna Casualty & Surety Company v. Federal Insurance Company of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963). More specifically, we have stated that:

Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a suf-

---

3. These "special" samples were collected 8 to 10        times a year.

ficient showing on an essential element of the case that it has the burden to prove.

Syllabus Point 4, *Painter, supra.*

■ To prevail on a claim of "deliberate intention" under *W.Va.Code,* 23–4–2(c)(2)(ii) [1994], a plaintiff must prove each of the statute's five factors.[4] "A plaintiff may establish 'deliberate intention' in a civil action against an employer for a work-related injury by offering evidence to prove the five specific requirements provided in W.Va.Code § 23–4–2(c)(2)(ii) (1983)." Syllabus Point 2, *Mayles v. Shoney's, Inc.,* 185 W.Va. 88, 405 S.E.2d 15 (1990). We have also held that "[t]o establish 'deliberate intention' in an action under *W.Va.Code* § 23–4–2(c)(2)(ii), a plaintiff or cross-claimant must offer evidence to prove each of the five specific statutory requirements." Syllabus Point 2, *Helmick v. Potomac Edison Co.,* 185 W.Va. 269, 406 S.E.2d 700 (1991).

Additionally, *W.Va.Code,* 23–4–2(c)(2)(iii)(B) [1994] provides that, in cases that claim liability under *W.Va.Code,* 23–4–2(c)(2)(ii), the trial court "shall dismiss the action upon motion for summary judgment if it finds ... that one or more of the facts required to be proved by the provisions of the subparagraphs (A) through (E) ... do not exist[.]"[5]

In the instant case, the circuit court found that the plaintiff failed under *W.Va.Code,* 23–4–2(c)(2)(ii) to prove the following two subparagraphs:

(B) That the employer had a subjective realization and an appreciation of the existence of such specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by such specific unsafe working condition; ...

(D) That ... [the] employer nevertheless thereafter exposed an employee to such specific unsafe working condition intentionally[.]

■ McBee argues that the circuit court erred in ruling that he did not provide sufficient evidence to withstand a summary judgment motion, because Silica did have knowledge of an unsafe working condition—specifically the ladder access opening. In support of his argument, McBee points to an accident that had occurred just 2 weeks prior to his, in which another Silica employee, Edward Mumaw ("Mumaw"),[6] fell through a different opening at Silica's Berkeley Springs facility and died. Following the Mumaw accident, Silica was cited by MSHA for a safety violation, and Silica took steps to cover the opening in which Mumaw fell.

Silica argues that the Mumaw accident and the accident that occurred in the instant case were not related to each other, and the Mumaw accident could not have given Silica actual knowledge that the ladder access opening was dangerous. In Mumaw, the victim and two co-workers were attempting to align a large piece of machinery, after having brought the machinery up from the floor below them through a trapdoor. The trapdoor was approximately 7 feet by 3½ feet and was used exclusively for transferring equipment between floors. Mumaw had been instructed three times by his co-worker to close the trapdoor before attempting to align the machinery. Mumaw disregarded these instructions and fell through the trapdoor; his injuries resulted in his death. Mumaw himself created the unsafe working condition by failing to close the trapdoor while aligning the machinery.

■ We have held:

Rules of Civil Procedure that one or more of the facts required to be proved by the provisions of subparagraphs (A) through (E) of the preceding paragraph (ii) do not exist[.]

4. See note 2, *supra.*

5. *W.Va.Code,* 23–4–2(c)(2)(iii)(B) [1994], provides, in pertinent part:
   Notwithstanding any other provision of law or rule to the contrary, and consistent with the legislative findings of intent to promote prompt judicial resolution of issues of immunity from litigation under this chapter, the court shall dismiss the action upon motion for summary judgment if it finds, pursuant to Rule 56 of the

6. The estate of Edward Mumaw likewise sued Silica under the "deliberate intention" statute. That case was also brought before this court in *Mumaw v. U.S. Silica Co.,* 204 W.Va. 6, 511 S.E.2d 117 (1998).

Given the statutory framework of W.Va. Code §§ 23–4–2(c)(2)(i) and (ii), (1983, 1991) which equates proof of the five requirements listed in W.Va.Code § 23–4–2(c)(2)(ii) with deliberate intention, a plaintiff attempting to impose liability on the employer must present sufficient evidence, especially with regard to the requirement that the employer had a subjective realization and an appreciation of the existence of such specific unsafe working condition and the strong probability of serious injury or death presented by such specific unsafe working condition. *This requirement is not satisfied merely by evidence that the employer reasonably should have known of the specific unsafe working condition and of the strong probability of serious injury or death presented by that condition. Instead, it must be shown that the employer actually possessed such knowledge.*

Syllabus Point 3, *Blevins v. Beckley Magnetite, Inc.*, 185 W.Va. 633, 408 S.E.2d 385 (1991) (emphasis added).

A review of the record demonstrates that the ladder access opening involved in McBee's accident had been in place since at least 1948. We also note that between 1948 and McBee's accident, Silica was not aware of any falls through the specific ladder access opening on which McBee was injured, or any other ladder access opening in their facility. McBee could produce no witnesses who had complained to a foreman or any other member of Silica's management that the ladder access opening represented an unsafe working condition.[7] We also note that MSHA did not cite Silica for an unsafe working environment in connection with McBee's accident.[8]

The issue of an employer's subjective realization was addressed in *Blevins v. Beckley Magnetite, supra.* As in the instant case, in *Blevins* there had been no prior injuries which would have given the employer a subjective realization and appreciation of the unsafe working condition. Additionally, we noted in *Blevins* that the employee did not bring to the employer's attention any information that would have put the employer on notice of the unsafe working condition. We held in *Blevins* that to prove "deliberate intention" there must be a showing that the employer actually possessed knowledge of the unsafe working condition and that this requirement was not satisfied by a showing that the employer reasonably should have known of the specific unsafe working condition.

We can find no evidence offered below indicating that Silica actually possessed the knowledge that the ladder access opening was a specific unsafe working condition. No accidents had occurred on the ladder access openings in the approximately 48 years that Silica's Berkeley Springs facility had been in existence. The Mumaw accident and McBee's accident were not sufficiently similar so as to give Silica a subjective realization of any danger with respect to the ladder access opening.

III.

Because McBee could not present sufficient evidence to prove two of the five requirements set forth in *W.Va.Code*, 23–4–2(c)(2)(ii)[1994], the circuit court properly granted summary judgment for Silica.

Based upon the foregoing, the order of the circuit court granting summary judgment in favor of Silica is affirmed.[9]

Affirmed.

---

7. During a deposition, McBee stated that he had once complained to a supervisor, Emil Barney, that "somebody is going to slip in that hole." However, this alleged statement was made approximately 10 years before McBee's accident. Furthermore, Emil Barney had been dead for several years before McBee's accident. We do not believe that this alleged statement was sufficient to show that anyone at Silica, at the time of McBee's accident, had an appreciation or real-

ization of an unsafe working condition at the ladder access opening.

8. Evidence was introduced indicating that the MSHA inspectors had walked on the catwalk during their inspections over the years, and had never indicated that the ladder access opening was unsafe.

9. Silica has raised as a cross assignment of error the contention that the circuit court improperly

denied their motion for summary judgment on the fifth requirement of *W.Va.Code,* 23-4-2-(c)(2)(ii) [1994]. Because of our decision on the other issues in this case, we do not address Silica's contention.