**John W. GAUS and Charlotte Gaus, his wife, Plaintiffs,**

v.

**CONSOL, INC., a Delaware corporation DBT American, Inc., a Delaware corporation and Consolidation Coal Company, Defendants.**

**No. CIV.A.5:00 CV 150.**

United States District Court, N.D. West Virginia.

Aug. 13, 2002.

---

Stephen P. Goodwin, R. Booth Goodwin, II, Carte P. Goodwin, Goodwin & Goodwin, Charleston, WV, for plaintiffs.

James R. Miller, Rodger L. Puz, Dickie, McCamey & Chilcote, Pittsburgh, PA, Scott D. Clements, Dickie, McCamey & Chilcote, Wheeling, WV, Joseph W. Selep, Zimmer Kunz Professional Corp., Pittsburgh, PA, for defendants/cross–claimants/cross–defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO EXCEED PAGE LIMIT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

STAMP, District Judge.

### I. Procedural History

The plaintiffs, John W. Gaus and Charlotte Gaus, filed a complaint in the Circuit Court of Ohio County, West Virginia on July 31, 2000 and the case was removed to this Court on August 29, 2000. Removal to this Court was based upon diversity of citizenship. In their complaint, plaintiffs allege that as a result of deliberate and intentional conduct of defendant Consolidation Coal Company, plaintiff, John W. Gaus, was severely and permanently injured while acting within the scope of his employment for the defendant.[1] Charlotte Gaus seeks damages for loss of consortium. On June 24, 2002, the defendant filed a motion for summary judgment to which the plaintiffs responded on July 12, 2002. Along with their response, plaintiffs filed a motion to exceed the page limit which is hereby GRANTED. The defendant then replied. For the reasons stated below, defendant's motion for summary judgment is GRANTED.

### II. Facts

The plaintiff was injured on November 13, 1999 while working in defendant's Shoemaker Mine. The plaintiff was assigned as a foreman of the longwall on the day he was injured. While on the job, a longwall mining shield advanced causing plaintiff to fall. The plaintiff's foot was trapped in the machinery and was severely crushed. After numerous surgeries and an extended hospital stay, the plaintiff's left foot and part of his left leg were amputated below the knee. The plaintiff contends that he was not trained to know when and how the shield would move and was not trained to know how to stop or shut down the shield in case of an emergency.

### III. Applicable Law

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *See Celotex Corp. v. Catrett*, 477 U.S.

---

1. Plaintiffs' complaint also alleges causes of action against DBT America, Inc., which claims have been compromised and settled.

317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." *Temkin v. Frederick County Comm'rs,* 945 F.2d 716, 718 (4th Cir.1991) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). However, as the United States Supreme Court noted in *Anderson,* "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 256, 106 S.Ct. 2505. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. 2505; *see also Charbonnages de France v. Smith,* 597 F.2d 406, 414 (4th Cir.1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing *Stevens v. Howard D. Johnson Co.,* 181 F.2d 390, 394 (4th Cir. 1950))).

In *Celotex,* the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. *See Oksanen v. Page Mem'l Hosp.,* 912 F.2d 73, 78 (4th Cir.

1990). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## IV. *Discussion*

"[T]he right of the injured employee to workmen's compensation has been substituted in lieu of his cause of action against the negligent employer and this remedy of compensation is an exclusive remedy." *J.H. Fletcher & Co. v. Allied Chemical Corp.,* 498 F.Supp. 629, 630 (S.D.W.Va.1980). This blanket rule bears one exception. An employer's immunity from tort liability is lost only when the employer "acted with 'deliberate intention.'" W. Va.Code § 23–4–2(c)(2). There are two alternative means by which a plaintiff can establish a cause of action under the deliberate intention exception to workers' compensation immunity. The deliberate intention requirement is satisfied if:

> [i]t is proved that such employer or person against whom liability is asserted acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee. This standard requires a showing of an actual, specific intent and may not be satisfied by allegation or proof of (A) conduct which produces a result that was not specifically intended; (B) conduct which constitutes negligence, no matter how gross or aggravated; or (C) willful, wanton or reckless misconduct.

W. Va.Code § 23–4–2(c)(2)(i).

Alternatively, a plaintiff can prevail on the deliberate intention exception to an employer's workers' compensation immunity if he or she can prove the existence of five elements set forth in West Virginia

Code § 23–4–2(c)(2)(ii). These five elements include:

(A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

(B) That the employer had a subjective realization and an appreciation of the existence of such specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by such specific unsafe working condition;

(C) That such specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of such employer, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C) hereof, such employer nevertheless thereafter exposed an employee to such specific unsafe working condition intentionally; *and*

(E) That such employee so exposed suffered serious injury or death as a direct and proximate result of such specific unsafe working condition.

W. Va.Code § 23–4–2(c)(2)(ii) (emphasis added).

### A. *Deliberate Intention*

■ Under the first alternative to establishing deliberate intention, the plaintiffs must prove that Consolidation Coal actually and specifically intended the result of Mr. Gaus' injuries. This Court sees no set of circumstances under which the plaintiffs could show that Consolidation Coal acted with such specific intent. The plaintiffs point to no evidence that could possibly show that Consolidation Coal intended the result of Mr. Gaus' injuries or believed that those injuries were substantially certain to occur. Plaintiffs' sole argument is that Mr. Gaus was not adequately trained and suggests that it is a jury question as to whether Consolidation Coal acted with a consciously and deliberately framed intention to produce his injuries. This Court finds that plaintiffs cannot, under any set of facts, prove that the defendant acted with the deliberate intent to produce the specific result of injury to Mr. Gaus. Thus, plaintiffs cannot establish a cause of action under West Virginia Code § 23–4–2(c)(2)(i).

### B. *The Five Elements*

■ The alternative means to proving deliberate intent is to satisfy *all* factors set forth in West Virginia Code § 23–4–2(c)(2)(ii). "[I]n order to withstand a motion for summary judgment, a plaintiff must make a prima facie showing of dispute on each of the five factors." *Mumaw v. U.S. Silica Co.*, 204 W.Va. 6, 511 S.E.2d 117, 120 (1998).

Notwithstanding any other provision of law or rule to the contrary, and consistent with the legislative findings of intent to promote prompt judicial resolution of issues of immunity from litigation under this chapter, the court shall dismiss the action upon motion for summary judgment if it finds, pursuant to Rule 56 of the Rules of Civil Procedure that one or more of the facts required to be proved by the provisions of subparagraphs (A) through (E) of the preceding paragraph (ii) do not exist . . . .

W. Va.Code § 23–4–2(c)(2)(iii)(B). Thus, if the plaintiffs fail to prove even one of the elements under West Virginia Code § 23–

4–2(c)(2)(ii), this Court must grant the defendant's motion for summary judgment.

Each of the five factors under West Virginia Code § 23–4–2(c)(2)(ii) is an essential element of a 'deliberate intention' cause of action, which a plaintiff has the ultimate burden to prove. Therefore, at the summary judgment stage, if a defendant should establish that no material issue of fact is in dispute on any one of the five factors, and such a finding is in favor of the defendant, summary judgment must be granted to the defendant.

*Mumaw*, 511 S.E.2d at 122.

### 1. *Specific Unsafe Working Condition*

■ First, plaintiffs have the burden of proving that a specific unsafe working condition "existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death." W. Va.Code § 23–4–2(c)(2)(ii)(A). The plaintiffs contend that the specific unsafe working condition at issue in this case is Mr. Gaus' lack of adequate training to work on the longwall face. Specifically, the plaintiffs' expert states that Mr. Gaus was not trained on "how to get past the snake safely."[2] Def'.s App. Ex. G. at 81. It is the plaintiffs' expert's contention that training should have included instruction that would have informed the plaintiff not to be in the snake area where the shield is moving. *See id.* at 85. Plaintiffs point out that their expert testified that Mr. Gaus was not trained on how to properly traverse a snake area of a longwall shield. *See* Pls.' Ex. E at 83. Plaintiffs argue that Mr. Gaus' prior experience does not negate Consolidation Coal's duty to train him properly and to maintain a safe working environment for him and other workers. Plaintiffs maintain that Mr. Gaus was nev-

er trained "in anything on shields." Pls.' Ex. A at 210.

The defendant challenges plaintiffs' assertion that Mr. Gaus was not provided adequate training with regard to longwall mining shields. The defendant offers evidence that Mr. Gaus received eight hours of training when he was hired by Consolidation Coal, including training with regard to longwall safety procedures. *See* Def.'s Ex. C. The defendant further argues that Mr. Gaus had previously and frequently engaged in the same activity in which he was involved the morning of the accident. Defendant contends that Mr. Gaus had personal knowledge of longwall operations through experience as well as training. Defendant states that, by Mr. Gaus' own admission, he had performed face boss duties "about 25 times" during his employment at the Shoemaker Mine. *See* Def.'s Ex. A at 36. Defendant contends that the only evidence plaintiffs have presented that Mr. Gaus did not receive training on longwall operations is "his own self-serving testimony." Def.'s Mem. in Supp. of … Summ. J. at 10.

This Court finds that the plaintiffs have submitted sufficient evidence of an unsafe working condition to survive a motion for summary judgment. Plaintiffs' expert, as well as Mr. Gaus' own testimony, support plaintiffs' contention that he was not trained adequately so as to create a genuine issue of material fact. Accordingly, this Court moves on to the second element required to prove deliberate intention on the part of the defendant.

### 2. *Subjective Realization*

■ The plaintiffs must prove that "the employer had a subjective realization and an appreciation of the existence of such

---

**2.** The snake area referred to by plaintiffs' expert is the area of the longwall face where shields are advancing.

specific unsafe working condition *and* of the high degree of risk and the strong probability of serious injury or death presented by such specific unsafe working condition." W. Va.Code § 23–4–2(c)(2)(ii)(B) (emphasis added).

[A] plaintiff attempting to impose liability on the employer must present sufficient evidence, *especially* with regard to the requirement that employer had a subjective realization and an appreciation of the existence of such specific unsafe working condition *and* the strong probability of serious injury or death presented by such specific unsafe working condition. This requirement is not satisfied merely by evidence that the employer reasonably should have known of the specific unsafe working condition and of the strong possibility of serious injury or death presented by that condition. Instead, it must be shown that the employer *actually possessed such knowledge.*

*Blevins v. Beckley Magnetite, Inc.,* 185 W.Va. 633, 408 S.E.2d 385, 393 (1991) (emphasis added).

The defendant argues that plaintiffs cannot prove Consolidation Coal had actual subjective knowledge that Mr. Gaus did not have sufficient training on longwall operations. Defendant argues that it had reason to believe that Mr. Gaus had adequate training and that he had actual knowledge of such operations based on his own experience. Defendant further contends that plaintiffs cannot show that Consolidation Coal had actual subjective knowledge of a strong possibility of serious injury or death presented by the unsafe working condition.

The plaintiffs argue that plaintiff had little if any knowledge of longwall mining operations before working at Consolidation Coal and that Consolidation Coal failed to properly train him in such operations. Plaintiffs further argue that subjective re-

alization "is a state of mind which is nearly always a question of fact for the jury to decide and not an issue to be decided on summary judgment." Pls.' Resp. at 22. Plaintiffs fail to cite any authority for this proposition, however, and this Court is unable to find any case law in support of this proposition.

The West Virginia Supreme Court of Appeals, in *Blevins,* found that there was not sufficient proof in that case to show that the employer had a subjective realization and appreciation of the existence of the unsafe working condition at issue. *See* 408 S.E.2d at 393. In determining whether the employer had such a subjective realization and appreciation of the unsafe working condition, the court noted that it considered the kind of evidence required to prove subjective realization and appreciation of the existence of an unsafe working condition and the high degree of risk and strong probability of serious injury presented to an employee in *Mayles v. Shoney's, Inc.,* 185 W.Va. 88, 405 S.E.2d 15 (1990).

In *Mayles,* an employee was injured while carrying an open container of hot grease down a grassy slope in order to dispose of the material. *See id.* The plaintiff in *Mayles* slipped and fell on the slope and was burned by the grease. *See id.* In *Mayles,* "not only was it clearly established that it was the general practice of employees to take the hot grease out the back door and down the grassy slope without a lid, but it was also established that the employer encouraged a 'do everything right now' policy that mandated such unsafe practice." 405 S.E.2d at 21. The plaintiff in *Mayles* also offered evidence that it was the restaurant's policy to dump grease while it was hot and that the manager had heard "rumors" that the hot grease was being disposed of before it was cooled, yet took no action prior to the

accident. *See id.* In *Mayles,* the plaintiff also offered evidence that other employees had gone to management and complained of the practice of dumping the grease. *See id.* Even more importantly, in *Mayles* there was evidence that another employee had been injured in the same manner prior to the plaintiff's accident. *See id.* at 22.

In *Blevins,* the court distinguished the strong evidence presented by the plaintiff in *Mayles* with the evidence presented by the plaintiff in *Blevins. See Blevins,* 408 S.E.2d at 392. In *Blevins,* the plaintiff worked as a dryer hopper operator and was severely injured when his left hand and arm were pulled into a self-cleaning conveyor tail pulley. *See id.* at 387. The accident occurred when plaintiff was cleaning up ore spillage around the tail pulley. *See id.* The plaintiff argued that he had not received any safety instruction with regard to operating the machinery and that approximately one year prior to plaintiff's accident, the Federal Mine Safety and Health inspector issued a citation to the defendant for lack of a guard or self-cleaning tail pulley on a conveyor. *See id.*

The plaintiff argued that such evidence was sufficient to prove subjective realization and appreciation of an unsafe working condition and high degree of risk of injury. *See id.* The West Virginia Supreme Court of Appeals disagreed, however, and found other evidence outweighed plaintiff's evidence. *Blevins,* 185 W.Va. 633, 408 S.E.2d 385. Specifically, the court considered that no prior injuries on the dryer-hopper had occurred or been reported. *See id.* at 392. Further, there was no evidence that "any employee brought to the employer's attention any information to put the employer on notice that an unsafe working condition or a high degree of risk to employees existed." *Id.* The court further afforded little weight to the issuance of the citation because the citation was terminated when the defendant erected a fence to

cure the violation. *See id.* Thus, the court found that the jury in *Blevins* "was not presented with sufficient evidence to establish the type of proof necessary to show that the employer had a subjective realization and appreciation of the existence of an unsafe working condition." *Id.* at 392–93.

This Court believes that the plaintiffs have offered even weaker evidence than that offered in *Blevins* to show that the defendant had a subjective realization and appreciation of an unsafe working condition and a high degree of risk of injury. The plaintiffs have not offered any evidence that would show that Consolidation Coal actually possessed knowledge of the alleged unsafe working condition and actually possessed knowledge of a strong probability of serious injury. In *McBee v. U.S. Silica Co.,* the Supreme Court of Appeals again found that the plaintiffs offered no evidence indicating that the defendant actually possessed knowledge of the specific unsafe working condition and subjective realization of any danger. 205 W.Va. 211, 517 S.E.2d 308. "As in the instant case, in *Blevins* there had been no prior injuries which would have given the employer a subjective realization and appreciation of the unsafe working condition. Additionally, we noted in *Blevins* the employee did not bring to the employer's attention any information that would have put the employer on notice of the unsafe working condition." In this case, as in *Blevins,* the plaintiffs have offered no evidence of any prior complaints or concerns voiced against Consolidation Coal concerning inadequate training of its employees with regard to longwall mining operations. Neither is there any evidence of prior accidents similar to that of Mr. Gaus' where a lack of training was claimed to be the cause. Moreover, as the defendant points out, Mr. Gaus' accident was reported to the United States Mine Safety and Health

Administration and the West Virginia Office of Miners' Health, Safety and Training, yet no citation was issued by either of those regulatory agencies. This Court believes this is strong evidence that the defendant did not have subjective realization of the alleged unsafe working condition, nor did it have an appreciation for a high risk of injury presented by such specific unsafe working condition. Accordingly, there is no genuine issue of material fact as to the second element required to prove deliberate intention. Consequently, plaintiffs cannot maintain a cause of action under West Virginia Code § 23–4–2(c)(2)(ii).[3] Because plaintiffs are required to prove the existence of all five elements in order to state a cause of action under that section and because the plaintiffs have failed to satisfy the second element, this Court need not address the remaining elements.

### IV. *Conclusion*

For the reasons stated above, the defendant's motion for summary judgment is hereby GRANTED and it is ORDERED that this case be hereby DISMISSED and STRICKEN from the docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

---

**3.** The claim for loss of consortium filed by plaintiff Charlotte Gaus is a derivative claim, and must be dismissed, as well.