600 S.E.2d 237

**Steven DESKINS, Plaintiff Below, Appellant,**

v.

**S.W. JACK DRILLING COMPANY and Steve Morgan, Defendants Below, Appellees.**

**No. 31407.**

Supreme Court of Appeals of West Virginia.

Submitted: Jan. 14, 2004.

Filed: Feb. 19, 2004.

McGraw, J., filed a dissenting opinion.

Guy R. Bucci, Esq., J. Kristofer Cormany, Esq., Bucci, Bailey & Javins, Charleston, for Appellant.

Thomas V. Flaherty, Esq., Christopher A. Brumley, Esq., Nathaniel K. Tawney, Esq., Flaherty, Sensabaugh & Bonasso, Charleston, for Appellees.

PER CURIAM.

This case is before this Court upon appeal of a final order of the Circuit Court of Logan County entered on November 15, 2002. In that order, the circuit court granted summary judgment in favor of the appellees and defendants below, S.W. Jack Drilling Company and Steve Morgan, in this action filed pursuant to W.Va.Code § 23–4–2(c)(2)(ii) (1994)[1] by the appellant and plaintiff below, Steven Deskins.[2] In this appeal, the appellant contends that the circuit court erred by finding that he did not present evidence to satisfy the requirements of W.Va.Code § 23–4–2(c)(2)(ii)(B). He maintains that he produced evidence creating genuine issues of material fact which precluded summary judgment.

This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, the final order of the circuit court is affirmed.

## I.

## FACTS

The appellant was employed as a general laborer by S.W. Jack Drilling Company on September 9, 1999, when he suffered a severe injury to his foot and ankle. The injury occurred while the appellant and other members of the crew with whom he was working

---

1. W.Va.Code § 23–4–2 was amended in 2003. The portion of the statute at issue here, W.Va. Code § 23–4–2(c), was redesignated as W.Va. § 23–4–2(d), but the language was not changed, except for minor stylistic alterations. Since the 1994 version of the statute applies in this case, it will be referenced herein with the relevant portions set forth in detail where necessary.

2. The initial complaint was filed in this case by Steven Deskins and his wife, Staci Deskins. Subsequently, Steven and Staci Deskins separated and divorced. An amended complaint was filed in this case on July 17, 2002, with Steven Deskins as the only named plaintiff.

were in the process of setting up a mobile drilling rig on a new well site. The entire crew, including the appellant, was being supervised by Steve Morgan, who held the position of driller.

The appellant was directly involved in the placement of the "pipe tub" and "pipe rack" into their proper positions on the well site. The pipe tub is a large metal object, approximately forty feet in length, which holds drilling steel before it is hoisted onto the rig floor. The pipe rack, which runs the length of the tub, is constructed of steel pipe and holds the drilling steel before it is placed or rolled into the tub. The appellant was injured when his foot was caught and crushed between the tub and the rack as the rack was being moved adjacent to the tub by pushing it with a dozer. The dozer was operated at that time by Mike Louk, the appellant's immediate supervisor.[3]

According to the appellant, his injury resulted in a permanent disability and significant vocational impairment. On May 21, 2001, the appellant and his wife[4] filed this action against the appellees, S.W. Jack Drilling Company and Steve Morgan, alleging that they deliberately and intentionally injured him as defined by W.Va.Code § 23–4–2(c)(2)(ii). On July 15, 2002, the appellees filed a motion for summary judgment contending that the appellant could not satisfy the requirements of the statute and therefore, was not able to establish liability as a matter of law.

Following a hearing during which the parties presented oral argument, the circuit court ruled that the appellant did not provide sufficient evidence to satisfy the subjective realization requirement set forth in W.Va. Code § 23–4–2(c)(2)(ii)(B). Accordingly, the circuit court granted the appellees' summary judgment in its November 15, 2002 order. This appeal followed.

## II.

### STANDARD OF REVIEW

■■■ In Syllabus Point 1 of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994),

this court held that "[a] circuit court's entry of summary judgment is reviewed *de novo*." It is well established that "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963). "Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syllabus Point 4, *Painter*.

In a deliberate intention case, "the court shall dismiss the action upon motion for summary judgment if it finds, pursuant to Rule 56 of the Rules of Civil Procedure that one or more of the facts required to be proved by the provisions of subparagraphs (A) through (E) [of W.Va.Code § 23–4–2(c)(2)(ii) ] do not exist[.]" W.Va.Code § 23–4–2(c)(2)(iii)(B). "Thus, in order to withstand a motion for summary judgment, a plaintiff must make a prima facie showing of dispute on each of the five factors." *Mumaw v. U.S. Silica Co.*, 204 W.Va. 6, 9, 511 S.E.2d 117, 120 (1998). With these standards in mind, we now consider whether the circuit court erred by granting summary judgment to the appellees.

## III.

### DISCUSSION

■■■ As set forth above, the appellant brought this action pursuant to W.Va.Code § 23–4–2 and, thus, alleged that the appellees acted with "deliberate intention" to cause his injury. When "deliberate intention" is proven, an employer loses his immunity from civil liability for work-related injuries to employees provided by the Workers' Compensation Act. *See* W.Va. § 23–4–2(c)(2). In Syllabus Point 2 of *Mayles v. Shoney's*

---

3. Steven Morgan testified during his deposition that he was in charge and Mike Louk was "second in command."

4. *See* note 2, *supra*.

*Inc.*, 185 W.Va. 88, 405 S.E.2d 15 (1990), this Court held that, "A plaintiff may establish 'deliberate intention' in a civil action against an employer for a work-related injury by offering evidence to prove the five specific requirements provided in W.Va.Code § 23–4–2(c)(2)(ii) (1983)."[5] (Footnote added). Those requirements are:

(A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

(B) That the employer had a subjective realization and an appreciation of the existence of such specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by such specific unsafe working condition;

(C) That such specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of such employer, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), hereof, such employer nevertheless thereafter exposed an employee to such specific unsafe working condition intentionally; and

(E) That such employee so exposed suffered serious injury or death as a direct and proximate result of such specific unsafe working condition.

W.Va.Code § 23–4–2(c)(2)(ii).

In considering the appellees' motion for summary judgment, the circuit court concluded that the appellant failed to present sufficient evidence to allow a reasonable jury to conclude that the appellees had a "subjective realization and an appreciation of the existence of such specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by such specific unsafe working condition" as required by W.Va. Code § 23–3–2(c)(2)(ii)(B). The court first determined that the actual specific unsafe working condition was "the plaintiff's location between the two pieces of equipment being pushed together by the dozer." The court then found that

[t]he undisputed evidence … is that the dozer operator, Mike Louk, instructed all of the workers in the area of the pipe rack and pipe tub to move away. It is also undisputed that the workers, including the plaintiff, did move away from that area. It was in the very brief time period that the plaintiff moved away from the area, and the dozer operator pushed the tub and the rack together, that the plaintiff inexplicably moved in between the pieces of equipment.[6]

(Footnote added). Thus, the court concluded that there was "no evidence of any circumstances that indicate the defendants had actual knowledge that the employee was exposed to the specific unsafe working condition that occurred within seconds after he was instructed to, and did, move to a safe area."

In this appeal, the appellant argues that the circuit court only considered certain facts and further improperly weighed the evidence to conclude that he failed to prove subjective realization on the part of the appellees. The appellant contends that the actual unsafe working condition was the appellees' failure to supervise him. The appellant points out that he was an inexperienced employee, having worked for S.W. Jack Drilling

**5.** A plaintiff may also prove "deliberate intention" by showing that the "employer or person against whom liability is asserted acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee." W.Va.Code § 23–4–2(c)(2)(i). In this case, the appellant only sought to establish "deliberate intention" by proving the five requirements of W.Va.Code § 23–4–2(c)(2)(ii).

**6.** The appellant testified during his deposition that he did not remember how the accident occurred.

Company for just a month before he was injured. The appellant asserts that the appellees were required by industry standards as well as their own safety policy to supervise the dozer operation. According to the appellant, no supervisor was in place when the pipe rack was being moved into position. The appellant acknowledges that Mr. Louk was a supervisor, but claims that he was engaged in operating the dozer and was not supervising the workplace. As a result, the appellant says that Mr. Louk did not know that he was in the area, and consequently, he was injured.

Having thoroughly reviewed the record, we do not believe the evidence supports the appellant's contention that a specific unsafe working condition was created by a lack of proper supervision. As the appellant readily admits, Mr. Louk, the dozer operator, was a supervisor. More importantly, as noted by the circuit court, there is undisputed evidence that before proceeding to push the pipe rack and pipe tub together, Mr. Louk stopped and idled the dozer while he instructed all of the employees in the area including the appellant to move away. It is also undisputed that the appellant did in fact move away from the equipment.

Even if we were to assume that additional supervision was required in these circumstances, the appellant simply cannot prove subjective realization on the part of the appellees. "Subjective realization, like any state of mind, must be shown usually by circumstantial evidence, from which, ordinarily, conflicting inferences reasonably can be drawn." *Sias v. W–P Coal Co.*, 185 W.Va. 569, 575, 408 S.E.2d 321, 327 (1991).

Given the statutory framework of W.Va. Code §§ 23–4–2(c)(2)(i) and (ii), (1983, 1991) which equates proof of the five requirements listed in W.Va.Code § 23–4–2(c)(2)(ii) with deliberate intention, a plaintiff attempting to impose liability on the employer must present sufficient evidence, especially with regard to the requirement that the employer had a subjective realization and an appreciation of the existence of such specific unsafe working condition and the strong probability of serious injury or death presented by such specific unsafe

working condition. This requirement is not satisfied merely by evidence that the employer reasonably should have known of the specific unsafe working condition and of the strong probability of serious injury or death presented by that condition. Instead, it must be shown that the employer actually possessed such knowledge.

Syllabus Point 3, *Blevins v. Beckley Magnetite, Inc.*, 185 W.Va. 633, 408 S.E.2d 385 (1991).

In *Mayles, supra,* a restaurant employee sought to recover damages for personal injuries he received while carrying a large container of hot grease down a grassy slope outside of the restaurant to a disposal unit. This Court determined that the subjective realization requirement was proven by evidence showing that the restaurant had a "do everything right now policy"; that management knew that hot grease was being disposed of before it cooled; that other employees had told management that the way the grease was being disposed of was unsafe; and that another employee had previously been injured in a similar manner. 185 W.Va. at 94–95, 405 S.E.2d at 21–22.

More recently in *Nutter v. Owens–Illinois, Inc.*, 209 W.Va. 608, 550 S.E.2d 398 (2001), we further discussed the type of evidence necessary to establish that an employer had a subjective realization and appreciation of the existence of the specific unsafe working condition. *Nutter* involved an employee at a glass-making plant who suffered permanent injuries as a result of carbon monoxide exposure during a renovation of a portion of the plant. This Court found that evidence that the employer knew through inspections that its equipment was producing high levels of carbon monoxide raised a question of fact with regard to subjective realization sufficient to defeat a motion for summary judgment. In so finding, we explained that "while a plaintiff may choose to introduce evidence of prior similar incidents or complaints to circumstantially establish that an employer has acted with deliberate intention, evidence of prior similar incidents or complaints is not mandated by *W.Va.Code*, 23–4–2(c)(2)(ii) [1994]." Syllabus Point 2, in part, *Nutter*.

In the case at bar, the appellant has not presented any evidence to show that the appellees possessed actual knowledge that their employees were improperly supervised and that there was a high degree of risk and a strong probability of serious injury. To be specific, the appellant has produced no evidence of prior injuries, employee complaints, or citations from any regulatory or governmental agency arising from the use of a dozer to set up the pipe rack and pipe tub or the lack of supervision during that operation. The appellant simply has not offered any evidence remotely suggesting that the appellees knew that their supervision of the appellant or any of their employees was inadequate. At best, the appellant might be able to prove ordinary negligence on the part of the appellees. However, "[t]he 'deliberate intention' exception to the Workers' Compensation system is meant to deter the malicious employer, not to punish the stupid one." *Helmick v. Potomac Edison Co.*, 185 W.Va. 269, 274, 406 S.E.2d 700, 705 (1991).

We agree with the circuit court that this case closely mirrors the facts of *Blevins, supra.* That case involved an employee who was severely injured while cleaning up ore spillage around a self-cleaning conveyor tail pulley. The employee was shoveling material onto the conveyor belt when his coveralls got caught, and he was pulled into the machine. The employee contended that the unsafe working condition was "working in and around an unguarded tail pulley and corresponding pinch points on an operating conveyor belt assembly." *Blevins*, 185 W.Va. at 639, 408 S.E.2d at 391. However, this Court determined that "[a] specific unsafe working condition ... only existed when the appellant went into the guarded area, without first turning off the equipment, to clean up the oil spillage, failing to comply with safety procedures." *Id.*

As in *Blevins*, there was no unsafe working condition in this case until the appellant moved in between the two pieces of equipment as they were being pushed together. In other words, the specific unsafe working condition only existed when the appellant went into the area between the pipe rack and the pipe tub as the equipment was being moved into position by the dozer. The appellees had no knowledge that the appellant went into the dangerous area as he had been seen moving away from the equipment after his supervisor instructed him to do so. As the circuit court noted, "the specific unsafe working condition ... occurred within seconds after he was instructed to, and did, move to a safe area."

The appellant argues that by considering the "suddenness" of the accident, the circuit court created a "sudden emergency exception" to the requirements outlined in W.Va. Code § 23-4-2(c)(2)(ii)(A)-(E). We find no merit to this argument. The circuit court merely indicated that the sudden occurrence of the unsafe condition in this case was relevant to its determination of whether there was evidence indicating that the appellees subjectively realized that an unsafe working condition existed. Obviously, an unsafe condition that develops or first springs into existence close in time to the accident presents less of an opportunity for the employer to realize and appreciate the risk. Thus, the circuit court's consideration of the unexpected occurrence of the unsafe working condition was merely a part, and a proper part, of its analysis of the subjective realization requirement of the statute.

In conclusion, we believe the circuit court properly found that the evidence was simply inadequate to create an issue of fact regarding the appellees' subjective realization of the specific unsafe working condition. As discussed above, a deliberate intention action must be dismissed upon a motion for summary judgment when one or more of the facts required to be proved by the provisions of W.Va.Code § 23-4-2(c)(2)(ii)(A)-(E) does not exist. Therefore, the circuit court did not err by granting summary judgment in favor of the appellees.

## IV.

## CONCLUSION

Accordingly, for the reasons set forth above, the final order of the Circuit Court of

Logan County entered on November 15, 2002, is affirmed.

Affirmed.

Justice McGRAW dissents and reserves the right to file a dissenting opinion.

MCGRAW, Justice, dissenting.

I respectfully dissent from the majority because I believe Appellant presented sufficient evidence to create a genuine issue of material fact with respect to his employer's subjective realization and appreciation of the existence of a specific unsafe working condition. For example, Appellant presented testimony (both expert and otherwise) that the Appellees knew that industry standards required proper placement of a supervisor or spotter to direct the dozer when employees were working in the area but that the Appellees failed to follow this standard. The Appellant presented additional evidence that supervisory personnel knew that, because there was no spotter directing the dozer, Appellant did not know what the dozer operator was going to do with the dozer just before the accident, and further, that the Appellant, who the Appellees knew to be inexperienced and untrained, did not know he was moving to an unsafe area, where he was eventually injured. In my view, both the circuit court and the majority improperly disregarded this evidence, which tended to establish the Appellees subjectively realized and appreciated that a specific unsafe working condition existed. Accordingly, I believe summary judgment was erroneously granted in this case and that Appellant's claim should have been presented to a jury.

Based upon the foregoing, I respectfully dissent.