# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Christopher W. Runyan,**
**Plaintiff Below, Petitioner**

**vs.) No. 17-0886** (Kanawha County 16-C-730)

**Lowe's Home Centers, LLC,**
**Defendant Below, Respondent**

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Christopher W. Runyan, by counsel Timothy J. Lafon and Keisha D. May, appeals the Circuit Court of Kanawha County's August 24, 2017, order granting respondent's motion for summary judgment. Respondent Lowe's Home Centers, LLC, by counsel Andrew B. Cooke and Jason A. Proctor, filed a response. On appeal, petitioner argues that the circuit court erred in finding that he failed to prove the factors required to show deliberate intention pursuant to West Virginia Code § 23-4-2 and in denying his motion for a continuance.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2016, petitioner sustained a work-related injury when he pushed a rolling ladder into a clearance bar suspended in front of an exterior door. The clearance bar was a plastic pipe suspended as a clearance warning for drivers attempting to enter or exit the door and was connected to the ceiling via chains and S-hooks. Upon colliding with the clearance bar, it fell and struck petitioner on the head, causing injuries. Petitioner received medical treatment through respondent's workers' compensation program and remained off work for several months.

Petitioner filed an initial and amended complaint against respondent in May of 2016, generally alleging negligence. Respondent moved to dismiss the petition, arguing that it was immune from claims for work-related injuries caused by negligence and that petitioner failed to state a claim under the deliberate intention exception.[1] The circuit court permitted petitioner to

---

[1]*See* W.Va. Code § 23-2-6 (2003) (immunizing employers covered by Workers' Compensation Act from "damages at common law or by statute for the injury or death of any employee, however occurring"). However, when an employee can prove deliberate intention, "an

(continued . . .)

file a second amended petition, which he did in September of 2016. Petitioner's second amended petition alleged that respondent had knowledge that the clearance bar was a safety hazard which it failed to correct. It incorporated a letter from Winn Forensics, which cited regulations from the Occupational Safety and Health Administration and the American National Standards Institute allegedly violated by respondent.[2]

Over the course of several months, petitioner underwent three independent medical evaluations to determine his whole person impairment resulting from the work-related incident.

employer loses his immunity from civil liability for work-related injuries to employees provided by the Workers' Compensation Act." *Deskins v. S.W. Jack Drilling Co.*, 215 W.Va. 525, 528, 600 S.E.2d 237, 240 (2004). To prevail in a deliberate intent action, a plaintiff employee must establish all of the following elements:

(A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

(B) That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;

(C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and

(E) That the employee exposed suffered serious compensable injury or compensable death as defined in section one, article four, chapter twenty-three [§ 23-4-1] whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

W.Va. Code § 23-4-2(d)(2)(ii)(A) through (E).

[2]In its order granting summary judgment, the circuit court found that these regulations related to safety signs generally and made no reference to clearance height indicators of any kind.

All of the evaluators opined that petitioner incurred zero percent whole person impairment. In July of 2017, respondent moved the circuit court to dismiss the case or, in the alternative, grant it summary judgment. Respondent argued that petitioner failed to satisfy the elements required to prove deliberate intention. A hearing on the matter was set for July 19, 2017. One day prior to the hearing, petitioner filed a response to respondent's motion, arguing that he had demonstrated the required elements for deliberate intention and, in support of his argument, attached two affidavits from former employees of respondent. A third affidavit authored by another former employee was submitted to the circuit court on the day of the hearing. The former employees stated that they, along with assistant managers, had previously observed the clearance bar in its detached state. During the hearing, petitioner moved the circuit court to grant a continuance for further discovery. However, the circuit court denied petitioner's motion and later entered an order granting respondent's motion for summary judgment, finding that petitioner failed to prove the requisite elements for deliberate intention under West Virginia Code § 23-4-2. It is from the August 24, 2017, order that petitioner appeals.

Our standards of review for cases concerning summary judgment are well settled. "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). In conducting our de novo review, we apply the same standard for granting summary judgment that is applied by the circuit court. Under that standard,

> "'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

*Painter*, 192 W.Va. at 190, 451 S.E.2d at 756, Syl. Pt. 2. In other words,

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*Id.* at 190, 451 S.E.2d at 756, Syl. Pt. 4. We note that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." *Id.* at 190, 451 S.E.2d at 756, Syl. Pt. 3. With respect to deliberate intention claims specifically, this Court has held that

> a court shall dismiss a deliberate intention action "upon motion for summary judgment if it finds . . . that one or more of the facts required to be proved by the provisions of subparagraphs (A) through (E), inclusive, paragraph (ii) of this subdivision do not exist." W.Va. Code § 23-4-2(d)(iii)(B). Each of the five statutory factors "is an essential element of a 'deliberate intention' cause of action, which a plaintiff has the ultimate burden to prove. Therefore, at the summary judgment stage, if a defendant should establish that no material issue of

3

fact is in dispute on any one of the factors, and such a finding is in favor of the defendant, summary judgment must be granted to the defendant." *Mumaw v. U.S. Silica Co.*, 204 W.Va. 6, 11, 511 S.E.2d 117, 122 (1998). Finally, "'in order to withstand a motion for summary judgment, a plaintiff must make a prima facie showing of dispute on each of the five factors.'" *Marcus v. Holley*, 217 W.Va. 508, 520, 618 S.E.2d 517, 529 (2005) (citation omitted) (footnote omitted).

*Smith v. Apex Pipeline Services, Inc.*, 230 W.Va. 620, 628, 741 S.E.2d 845, 853 (2013).

On appeal, petitioner first argues that the circuit court erred in finding that he failed to satisfy the five elements of deliberate intention, and thus in granting respondent summary judgment. Petitioner specifically argues that he submitted sufficient evidence to prove that a state or federal safety statute, rule, or regulation was violated; that respondent had actual knowledge of a specific unsafe working condition and intentionally exposed petitioner to the same; and that petitioner experienced a serious compensable injury. We find petitioner's arguments to be meritless.

The record demonstrates that petitioner did not experience a serious compensable injury. West Virginia Code § 23-4-2(d)(2)(B)(v) sets forth that a serious compensable injury may be established by one of four ways, only one of which is relevant to the case at hand.[3] The serious compensable injury may be established if

(I)      [i]t is shown that the injury, independent of any preexisting impairment:

       (a) Results in a permanent physical or combination of physical and psychological injury rated at a total whole person impairment level of at least thirteen percent (13%) as a final award in the employee's workers' compensation claim; and

       (b) Is a personal injury which causes permanent serious disfigurement, causes permanent loss or significant impairment of function of any bodily organ or system, or results in objectively verifiable bilateral or multi-level dermatomal radiculopathy; and is not a physical injury that has no objective medical evidence to support a diagnosis[.]

W.Va. Code § 23-4-2(d)(2)(B)(v)(I)(a)-(b). Here, petitioner underwent several independent medical evaluations throughout the underlying proceedings. Three evaluations were performed prior to the July of 2017 hearing and all three evaluators opined that petitioner suffered zero percent whole person impairment as a result of his work-related injury. While petitioner argues that he needed more time to gather medical evidence to support this element, none of the medical

---

[3]The other methods set forth in this code section apply to (1) claims where a licensed physician concluded that the likely result of the injury will be death within eighteen months or less, (2) pneumoconiosis claims, and (3) claims of injuries which are unable to be rated pursuant to a rule or regulation. *See* West Virginia Code § 23-4-2(d)(2)(B)(v).

reports have established that petitioner suffered an injury to such a degree as to be compensable under the statute. Further, the fourth independent medical evaluation petitioner referenced in his motion to continue was eventually supplied to the circuit court prior to the entry of the order granting summary judgment and did not largely contradict the prior independent medical evaluation reports. The circuit court considered this report, noted that the evaluator opined that petitioner suffered five percent whole person impairment due to the work-related injury, and found that this report still did not satisfy the serious compensable injury element. Moreover, petitioner submitted doctors' records from his treating physician and another evaluator consulted after the July of 2017 hearing, and these records also do not show a serious compensable injury as neither physician provided a whole person impairment rating. As such, petitioner's claims that additional evidence was "at his fingertips" are unpersuasive in light of the extensive evidence that petitioner did not receive a thirteen percent whole person impairment rating from any physician during the proceedings below. Therefore, we find that petitioner failed to satisfy this element.

As previously mentioned, to establish deliberate intention "'a plaintiff . . . must offer evidence to prove each of the five specific statutory requirements.' Syllabus point 2, *Helmick v. Potomac Edison Co.*, 185 W.Va. 269, 406 S.E.2d 700 (1991)." *Mumaw*, 204 W.Va. at 7, 511 S.E.2d at 118, Syl. Pt. 3, in part. As such, "[e]ach of the five statutory [requirements] is an essential element of a 'deliberate intention' cause of action, which a plaintiff has the ultimate burden to prove." *Smith*, 230 W.Va. at 628, 741 S.E.2d at 853 (internal citations omitted). Because petitioner failed to establish that he suffered a serious compensable injury, he has not satisfied one of the statutory elements, and therefore, his entire claim fails. Accordingly, addressing the remaining elements is unnecessary and we decline to do so.

Petitioner also assigns as error the circuit court's failure to grant his motion to continue the July 2017 hearing. Petitioner argues that discovery was still pending as various doctors had completed medical examinations but had not completed the reports at the time of the hearing. Petitioner asserts that these reports would have shown the requisite whole person impairment rating and created the existence of a genuine issue of material fact. We disagree. We have previously held that

> [i]f the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of material fact, the burden of production shifts to the nonmoving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure.

*Crum v. Equity Inns, Inc.,* 224 W.Va. 246, 254, 685 S.E.2d 219, 227 (2006)(citing *Stonewall Jackson Memorial Hosp. Co. v. American United Life Ins. Co.*, 206 W.Va. 458, 466, 525 S.E.2d 649, 657 (1999)). "An opponent of a summary judgment motion requesting a continuance for further discovery need not follow the exact letter of Rule 56(f) of the West Virginia Rules of Civil Procedure in order to obtain it." *Crum*, 224 W.Va. at 254, 685 S.E.2d at 227 (citing *Elliott*

*v. Schoolcraft,* 213 W.Va. 69, 73, 576 S.E.2d 796, 800 (2002). However, at a minimum, the party making an informal Rule 56(f) motion must satisfy four requirements:

> (1) articulate some plausible basis for the party's belief that specified "discoverable" material facts likely exist which have not yet become accessible to the party; (2) demonstrate some realistic prospect that the material facts can be obtained within a reasonable additional time period; (3) demonstrate that the material facts will, if obtained, suffice to engender an issue both genuine and material; and (4) demonstrate good cause for failure to have conducted the discovery earlier.

*Id.*

Petitioner failed to show that he was entitled to a continuance in this matter. At the time of the hearing, the proceedings had been ongoing for over one year. The record reveals that just before the July of 2017 hearing, petitioner underwent a fourth independent medical evaluation and had not yet received the report. Petitioner's written motion referenced this evaluation as part of the basis for requesting the continuance.[4] However, this report was provided to the circuit court shortly after the hearing and the evaluator opined a five-percent whole person impairment rating, well below the thirteen percent required by West Virginia Code § 23-4-2(d)(2)(B)(v)(I)(a). In fact, of the four independent medical evaluations petitioner underwent, he received three zero-percent whole person impairment ratings and one five-percent whole person impairment rating, all of which are well below the required threshold. Petitioner also argues that he submitted another report in August of 2017, after the entry of the order, in which the physician opined that petitioner's injuries were permanent and stemmed from the work-related incident. However, petitioner's argument that the circuit court erred in denying his motion to continue the hearing when this outstanding discovery existed is without merit as petitioner failed to reference this report in his motion. Moreover, the record indicates that this physician failed to provide an impairment rating as required by the statute. Petitioner also failed to demonstrate good cause for why this discovery was not conducted in the year prior to the July of 2017 hearing, providing no explanation as to the delay. As such, petitioner has not demonstrated that a continuance in this matter was warranted and, therefore, we find no error in the circuit court's decision to deny the same.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 24, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: May 14, 2018

---

[4]Although petitioner referenced other reasons as the basis for his motion to continue, he does not reference these reasons on appeal and only argues that the circuit court erred in denying his motion based upon additional pending medical discovery.

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker