# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Elizabeth Marcella Dillon,**
**Plaintiff Below, Petitioner**

**vs) No. 14-0736** (Logan County 12-C-109)

**Logan General Hospital, LLC,**
**a corporation, d/b/a Logan General Hospital**
**and Logan Regional Medical Center,**
**Defendant Below, Respondent**

**FILED**

June 12, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Elizabeth Marcella Dillon, by counsel Douglas Witten, appeals the Circuit Court of Logan County's order granting summary judgment entered on June 26, 2014, in favor of Respondent Logan General Hospital, LLC, a corporation, d/b/a Logan General Hospital and Logan Regional Medical Center ("Logan Regional Medical Center") and dismissing her deliberate intent suit. Respondent, by counsel George L. Partain, filed its response to which petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

**Facts and Procedural History**

On or about May 1, 2010, petitioner, an employee of respondent, was working in the kitchen at Logan Regional Medical Center when she slipped and started to fall to the floor. She twisted and caught herself on the food tray line before hitting the floor, causing physical injuries. Petitioner's normal job was to visit patients in the hospital to discuss their meal preferences, but she had been called to work in the kitchen that day because the regular employee in that position was unavailable. Petitioner had, however, worked in the kitchen previously. Petitioner filed a workers' compensation claim on May 1, 2010, stating that she injured her upper/middle back, left buttock, and left groin. On May 13, 2010, she was certified as having an injury to her thoracic spine in the lumbar area. She was treated for her injuries and sought to have the cervical area added as a compensable condition, but that request was denied on November 2, 2010, and again on January 19, 2011. On May 8 and 25, 2012, the requests for neck surgery were denied based on the fact that it was not a condition of her claim. The Board of Review affirmed those denials, and this Court affirmed the decision of the Board of Review on June 27, 2014. *Dillon v.*

1

*Logan Regional Medical Center*, No. 13-0315 (W.Va. Supreme Court, June 27, 2014) (memorandum decision).

Petitioner underwent surgeries on her cervical spine on May 7, 2012, and on her low back on August 27, 2012, without a determination from the Workers' Compensation Fund that such treatment was related to the injury she sustained on May 1, 2010. Petitioner was awarded 5% permanent partial disability for her May 1, 2010, injuries. Neither petitioner nor her treating physician, Dr. Ignatiadis, ever requested that her August 27, 2012, back injury be determined to be related to her May 1, 2010, injury.

On April 30, 2012, petitioner filed the underlying action under West Virginia Code § 23-4-2(d)(2)(ii), alleging that respondent created an unsafe working condition by allowing water to accumulate and remain on the floor where petitioner and other employees were required to walk and carry trays and dishes.[1] She claimed that the water was allowed to accumulate because the dishwasher drain did not properly align with the floor drain and the dishwasher did not dry trays and dishes. The trays would exit the dishwasher still wet, and this water would fall to the floor where it accumulated. She claimed there were no mats or other protective devices on the floor to protect employees and no warnings were given to the employees about this unsafe condition. In her complaint, petitioner alleged that respondent was aware of the condition because employees petitioner identified by name had previously fallen due to the accumulation of water, and those the falls were reported to members of management prior to May 1, 2010.

Respondent filed a motion for summary judgment supported by an affidavit from Ron Chambers, food service director at the hospital until he retired in June of 2008, stating that he trained all employees working in the kitchen, including petitioner, to mop water from the floor where the washed trays are stacked. The affidavit also stated that employees were instructed that towels were available to assist in drying the floor and to put out caution signs while the floor was drying. Mr. Chambers was only aware of one injury in the tray stacking area, and that injury was due to a loose drain cover. The affidavit set forth that mats were used in the tray drying and stacking area for a time but that their use created a serious tripping hazard. The subsequent food service director submitted a similar affidavit. Respondent submitted affidavits from several other employees stating they were not aware of any falls or complaints due to water in that area prior to May 1, 2010.

In its June 26, 2014, order, the circuit court found that respondent had filed a properly supported motion for summary judgment. That court also found the following: petitioner failed to rehabilitate the evidence attacked by the moving party; petitioner failed to produce additional evidence showing the existence of a genuine issue of material fact as to whether there was a specific unsafe working condition that presented a high degree of risk and strong probability of

---

[1]We note that West Virginia Code § 23-4-2 was amended during the 2015 Regular Session of the West Virginia Legislature. The amended version of the statute became effective ninety days after the March 14, 2015, passage. The amended version of the statute specifically states that the amendments to that section shall apply to all injuries occurring on or after July 1, 2015. W.Va. Code § 23-4-2(g) (2015). Therefore, in this memorandum decision, we apply the statute as it existed during the pendency of the proceedings below.

serious injury or death on May 1, 2010, when petitioner was working in respondents' kitchen; and respondent was entitled to summary judgment. The court went on to find that the employees identified by petitioner as having fallen in the same area due to water accumulation had not fallen as claimed in petitioner's complaint. The court determined that respondent did not have actual knowledge of the existence of a specific unsafe working condition and the high degree of risk and a strong probability of serious injury or death presented by the same on May 1, 2010. The circuit court determined that respondent was entitled to summary judgment because petitioner cannot establish that respondent intentionally exposed her to an unsafe working condition that presented a high degree of risk and strong probability of serious injury or death to her.

**Discussion**

Pursuant to Rule 56 of the West Virginia Rules of Civil Procedure, summary judgment is proper when the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." W.Va.R.Civ.P. 56(c), in part. "Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 2, *Williams v. Precision Coil, Inc.,* 194 W.Va. 52, 459 S.E.2d 329 (1995). With respect to deliberate intent claims, this Court has held that

> a court shall dismiss a deliberate intention action "upon motion for summary judgment if it finds . . . that one or more of the facts required to be proved by the provisions of subparagraphs (A) through (E), inclusive, paragraph (ii) of this subdivision do not exist." W.Va. Code § 23–4–2(d)(iii)(B). Each of the five statutory factors "is an essential element of a 'deliberate intention' cause of action, which a plaintiff has the ultimate burden to prove. Therefore, at the summary judgment stage, if a defendant should establish that no material issue of fact is in dispute on any one of the factors, and such a finding is in favor of the defendant, summary judgment must be granted to the defendant." *Mumaw v. U.S. Silica Co.,* 204 W.Va. 6, 11, 511 S.E.2d 117, 122 (1998). Finally, "'in order to withstand a motion for summary judgment, a plaintiff must make a prima facie showing of dispute on each of the five factors.'" *Marcus v. Holley,* 217 W.Va. 508, 520, 618 S.E.2d 517, 529 (2005) (citation omitted) (footnote omitted).

*Smith v. Apex Pipeline Services, Inc.,* 230 W.Va. 620, 628, 741 S.E.2d 845, 853 (2013). "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994).

On appeal, petitioner raises five assignments of error, though her arguments on the first four assignments are largely argued together, so we will also address them jointly. Those assignments of error are as follows: (1) the trial court erred by improperly applying the standards for determining whether respondent should be granted summary judgment by adopting the evidence presented by respondent and ignoring the evidence presented by petitioner; (2) the trial court erred by considering allegations in petitioner's complaint rather than considering the

evidence in the record developed by discovery that presented a jury question on each of the five elements necessary to maintain a statutory deliberate intent action;[2] (3) the trial court erred in ruling that the safety regulations and generally accepted safety standards in the industry cited by petitioner in her response and memorandum in support of her response to respondents' motion for summary judgment, which were developed through discovery in this case, were general as opposed to specific standards and regulations, and petitioner had not, therefore, presented evidence from which the jury could find a violation of West Virginia Code § 23-4-2(d)(2)(ii)(C); and (4) the trial court erred in ruling that the evidence in the record supported summary judgment for petitioner, and thereby determined that respondents' evidence was credible and the evidence cited by petitioner was not credible.

Petitioner complains that the circuit court merely quoted the allegations in petitioner's complaint and compared them with respondent's proof from the record, ignoring the proof petitioner developed during discovery. Petitioner contends that the floor in the work area was

---

[2]An employer's immunity from suit provided under the worker's compensation system may be lost if the plaintiff employee establishes all of the following elements:

(A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

(B) That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;

(C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and

(E) That the employee exposed suffered serious compensable injury or compensable death as defined in section one [§ 23-4-1], article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

W.Va. Code § 23-4-2(d)(2)(ii)(A) through (E).

4

wet due to a misaligned drain in the tray line area and because the location of the racks for tray covers allows water to drip on the floor in the work area. Petitioner claims that she complained to Christopher Smoot, Harlan Podunavac, and Carl Adkins, all officers and/or employees of respondent, about these issues. She also argues that her expert, Donovan Grenz, testified that the wet floor was a specific unsafe working condition. Petitioner points to the fact that between May of 2008 and May of 2010, the kitchen area was inspected by the health department on only one occasion. She also draws attention to a May 27, 2010, memorandum from Suzan Jackson to Christopher Smoot stating that Ms. Jackson had asked Mr. Podunavac to have "Cliff" fix the tray line drainage pipes so they line up with the drain.[3]

With regard to her injuries, petitioner admits that her neck injury was ruled non-compensable but that her other injuries, including her back injury, were ruled compensable. She argues that the injury requirement in the deliberate intent statute requires only that there be an injury – not that the injury is found to be compensable. Therefore, she argues that she satisfied the requirement that she suffered a serious compensable injury or, at a minimum, that that issue constituted a jury question. Therefore, the grant of summary judgment was not proper.

As set forth above, if a defendant establishes that no material issue of fact is in dispute on any one of the factors, and such a finding is in favor of the defendant, summary judgment must be granted to the defendant. *Smith*, 230 W.Va. at 628, 741 S.E.2d at 853 (quoting *Mumaw*, 204 at 11, 511 S.E.2d at 122). In the instant case, the circuit court found that petitioner failed to produce sufficient evidence to show that a genuine issue of material fact existed as to whether there was a specific unsafe working condition that presented a high degree of risk and strong probability of serious injury or death. In addition, it found that respondent did not have actual knowledge of the existence of any specific unsafe working condition and the high degree of risk and strong probability of serious injury or death presented by the same. While petitioner alleged in her complaint that three employees had fallen and been injured in the same area where petitioner alleges that she was injured, respondent established through sworn statements that none of those employees, nor any other employee of Logan Regional Medical Center, had been injured from water on respondent's kitchen floor during the preceding thirty years. Petitioner's expert did not testify that the water on the floor presented a high degree or risk and strong probability of serious injury or death. Further, there was evidence presented that petitioner's failure to mop up the water and dry the floor with the towels provided for that task created the condition complained of by petitioner.

Ron Chambers and Christopher Smoot, the food services directors at Logan Regional Medical Center at all times relevant to this action, verified that they were aware that water would get on the floor due to the fact that wet processes were being used. They also confirmed that safety training was provided to all employees, including petitioner, related to water on that floor and how to properly dry the floor with mops and towels. The kitchen area had also never been cited for unsafe working conditions related to the handling of water on the kitchen floor near the tray stacking area. Therefore, we do not find that the circuit court erred in concluding that petitioner failed to present a genuine issue of material fact as to the first two factors of the deliberate intent statute: that a specific unsafe working condition existed in the workplace which

---

[3] The memorandum does not provide Cliff's complete name or job title.

5

presented a high degree of risk and a strong probability of serious injury or death and that the employer had actual knowledge of the same.

Petitioner's fifth assignment of error is that the trial court erred in ruling that the decision in petitioner's workers' compensation claim regarding her neck injury being non-compensable is binding on the statutory deliberate intent action so that West Virginia Code § 23-4-2(d)(2)(ii)(E) had not been proven by petitioner, thereby ignoring a back injury suffered by petitioner. However, because we have already established that petitioner failed to satisfy a genuine issue of material fact as to two of the statutory requirements and petitioner must satisfy all five prongs, we decline to address this assignment of error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 12, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis