# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Tina Marie Leffingwell, in her own capacity,
and as Personal Representative of the Estate
of Robert E. Leffingwell, deceased,
Plaintiff Below, Petitioner**

**FILED**

October 16, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 14-1061** (Cabell County 11-C-446)

**SWVA, Inc., a Subsidiary of Steel of West Virginia, Inc.,
Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tina Marie Leffingwell, in her own capacity, and as Personal Representative of the Estate of Robert E. Leffingwell, deceased, by counsel John H. Skaggs and Omar D. Ahmad, appeals the Circuit Court of Cabell County's "Judgment Order" entered on September 5, 2014, granting summary judgment in favor of respondent. Respondent SWVA, Inc., a Subsidiary of Steel of West Virginia, Inc. ("SWVA"), by counsel Thomas E. Scarr, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Facts and Procedural Background

This appeal arises from the dismissal of petitioner's deliberate intent suit[1] filed against SWVA, her deceased husband's former employer. Petitioner's husband, Robert E. Leffingwell,

---

[1] Under our deliberate intent statute, in order for an employer to lose its workers compensation immunity, the plaintiff must establish the following five elements:

(A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

(B) That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the
(continued . . .)

1

was diagnosed with lung cancer in March of 2008 and died on June 26, 2009. For a six-year period during his employment with SWVA, Mr. Leffingwell worked in the "cut to length" department, where he spent on average between forty-five and sixty minutes per shift polishing, sanding, and/or grinding carbon steel bars in order to bring them within the customer's desired specifications. Mr. Leffingwell spent the remainder of his shift inspecting, measuring, and gauging steel bars, and unbundling and re-bundling steel bars as they were transported throughout the plant. In her suit, petitioner claimed that her husband's cancer and death were caused by his exposure to Hexavalent Chromium, a carcinogen.

Chromium, as distinguished from Hexavalent Chromium, is a natural element that can exist in various states, including elemental chromium and Trivalent Chromium, neither of which is considered to be hazardous or carcinogenic. SWVA states that, according to the United States Occupational Health and Safety Administration ("OSHA"), "[c]hrome dust that comes off products that are polished or grinded is actually elemental chromium, not Hexavalent Chromium, so polishing and grinding contributes little to airborne Hexavalent Chromium levels."[2]

---

strong probability of serious injury or death presented by the specific unsafe working condition;

(C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and

(E) That the employee exposed suffered serious compensable injury or compensable death as defined in section one [§ 23-4-1], article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

W.Va. Code § 23-4-2(d)(2)(ii)(A) through (E).

[2] We note that SWVA's reliance on OSHA's statement is the target of petitioner's fifth assignment of error in the present appeal. The statement relied upon by SWVA was part of a stipulation (referred to in this case as "OSHA Appendix A") in the settlement of an unrelated case between OSHA and the Surface Finishing Industry Council, and to which SWVA was not a party. Petitioner takes issue with SWVA's reliance on OSHA Appendix A, arguing that SWVA is reaping the benefits of a settlement to which it was not a party and should be estopped from (continued . . .)

Furthermore, according to record, while overexposure to Hexavalent Chromium can cause lung cancer, overexposure is quite rare as the formation of Hexavalent Chromium from the more stable elemental and trivalent states requires extreme environmental conditions -- temperatures in excess of three-thousand degrees Fahrenheit -- that did not exist at SWVA.

In granting summary judgment in favor of SWVA, the circuit court found that petitioner failed to establish that any of the products processed in Mr. Leffingwell's department contained Hexavalent Chromium or that the polishing, sanding, or grinding of carbon steel can convert elemental chromium into Hexavalent Chromium. The circuit court further found that Mr. Leffingwell was a regular smoker who died due to a type of lung cancer admitted by petitioner's expert to be caused by smoking.[3] Ultimately, the circuit court found that the conditions in which Mr. Leffingwell worked did not create, release, or produce Hexavalent Chromium, but even assuming arguendo that such conditions did exist, petitioner presented no evidence that the amount of Hexavalent Chromium to which Mr. Leffingwell was allegedly exposed was large enough to be unsafe. Accordingly, in the context of petitioner's deliberate intent suit, the circuit court found "no genuine issue as to any material fact with respect to any one of the elements which is necessary and must be established for [petitioner] to withstand a motion for summary judgment[.]" Petitioner now appeals to this Court.

## Discussion

Pursuant to Rule 56 of the West Virginia Rules of Civil Procedure, summary judgment is proper when the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." W.Va.R.Civ.P. 56(c), in part. "Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 2, *Williams v. Precision Coil, Inc.,* 194 W.Va. 52, 459 S.E.2d 329 (1995). With respect to deliberate intent claims, this Court has held that

> a court shall dismiss a deliberate intention action "upon motion for summary judgment if it finds . . . that one or more of the facts required to be proved by the provisions of subparagraphs (A) through (E), inclusive, paragraph (ii) of this subdivision do not exist." W.Va. Code § 23-4-2(d)(iii)(B). Each of the five statutory factors "is an essential element of a 'deliberate intention' cause of action, which a plaintiff has the ultimate burden to prove. Therefore, at the

---

referencing the document. We disagree. SWVA offered OSHA Appendix A, not to obtain some legal benefit to which it was not entitled, but rather to factually and scientifically establish that grinding steel produces elemental chromium, not Hexavalent Chromium.

[3] According to the findings of the circuit court, Mr. Leffingwell's lung cancer was a non-small cell adenocarcinoma, "which is the most common histologic type of lung cancer, and its most common cause is exposure to tobacco smoke, accounting for 40% of all lung cancers diagnosed."

summary judgment stage, if a defendant should establish that no material issue of fact is in dispute on any one of the factors, and such a finding is in favor of the defendant, summary judgment must be granted to the defendant." *Mumaw v. U.S. Silica Co.*, 204 W.Va. 6, 11, 511 S.E.2d 117, 122 (1998). Finally, "'in order to withstand a motion for summary judgment, a plaintiff must make a prima facie showing of dispute on each of the five factors.'" *Marcus v. Holley,* 217 W.Va. 508, 520, 618 S.E.2d 517, 529 (2005) (citation omitted) (footnote omitted).

*Smith v. Apex Pipeline Services, Inc.,* 230 W.Va. 620, 628, 741 S.E.2d 845, 853 (2013). "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994).

On appeal, petitioner raises five assignments of error, the first of which challenges the circuit court's finding that petitioner failed to establish actual exposure to an unsafe working condition, namely, Hexavalent Chromium.[4] Upon our review of the record, we reject petitioner's first assignment of error. We agree with the circuit court that petitioner failed to establish a genuine issue of material fact with respect to West Virginia Code § 23-4-2(d)(2)(ii)(A), the first element of the deliberate intent statute requiring petitioner to show "[t]hat a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death[.]" The record reinforces the circuit court's finding that

> [petitioner] has presented no evidence that, while employed at SWVA's Huntington facility, Mr. Leffingwell was actually exposed to Hexavalent Chromium, let alone exposed to hazardous levels. At most, even with the supporting testimony of her causation and liability experts, [petitioner] has only argued that Mr. Leffingwell had the "potential" or "opportunity" for such exposure.

Additionally, the record supports the circuit court's finding that

---

[4] Petitioner's assignments of error all focus to a large extent on SWVA's Material Safety Data Sheet ("MSDS"), which referred to chromium and exposure limits in a general sense, without drawing the distinction between elemental chromium and Hexavalent Chromium. Petitioner makes similar arguments in support of each of her assignments of error as to how the MSDS creates an issue of fact as to all five deliberate intent elements. Despite the fact that the objective science supports the distinction between the potential harms caused by exposure to elemental chromium versus Hexavalent Chromium, petitioner argues that, because SWVA did not draw such a distinction in the MSDS, SWVA and the circuit court were foreclosed from drawing such a distinction below. As SWVA argues, the MSDS is broad in scope and does not specifically pertain to chromium, let alone Hexavalent Chromium. Second, the MSDS contains no causal links between any of the hazardous materials identified and any form of cancer. Importantly, the MSDS does not indicate that grinding carbon steel can create the extreme conditions necessary to form Hexavalent Chromium. In *Tolley v. ACF Industries,* 212 W.Va. 548, 575 S.E.2d 158 (2002), this Court rejected the argument that causation is established by reference to the general warnings contained in a safety data sheet.

none of Mr. Leffingwell's medical records indicate that his lung cancer was caused or contributed to by workplace exposure to any substance or chemical. Mr. Leffingwell did not file a workers' compensation claim because neither he nor his treating physician believed his condition to be related to a workplace exposure. In fact, both Mr. Leffingwell and his treating physician indicated that his lung cancer was not work-related in statements submitted for Mr. Leffingwell's Long-Term Disability Claim.

In the present case, petitioner did not meet her burden to designate specific facts showing a genuine issue of material fact that Mr. Leffingwell was actually exposed to Hexavalent Chromium, the alleged unsafe working condition. W.Va. Code § 23-4-2(d)(2)(ii)(A). Accordingly, summary judgment in favor of SWVA was proper. Because we find that petitioner failed to establish actual exposure to an unsafe working condition, we need not address petitioner's remaining assignments of error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 16, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis