# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Thomas Adkins,**
**Plaintiff Below, Petitioner**

**vs) No. 16-0589** (Wayne County 15-C-97)

**Kiah Creek Transportation, LLC,**
**Defendant Below, Respondent**

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Thomas Adkins, by counsel Scott W. Andrews, appeals the Circuit Court of Wayne County's May 19, 2016, order granting respondent Kiah Creek Transportation, LLC's motion for summary judgment and dismissing petitioner's deliberate intention suit. Respondent, by counsel Cy A. Hill, Jr., filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in granting respondent's motion for summary judgment and in denying his request for additional discovery.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2013, petitioner was employed by respondent and operated a coal truck at a mine in Wayne County, West Virginia, when he was involved in a single-vehicle accident. Petitioner was operating a 2009GV Mack Granite Coal Truck, otherwise known as the no. 10 truck. According to petitioner, this specific truck previously had multiple mechanical issues, including the fuel shutting off, and a weak compression release engine brake and service brakes. According to petitioner's testimony, he reported these issues to supervisors several months prior to the eventual accident. Petitioner also testified that he refused to drive this very truck sometime in 2012. As such, respondent assigned petitioner a different truck to drive. According to discovery, several other drivers operated this truck in the period leading up to petitioner's accident without incident. Moreover, evidence established that respondent regularly serviced and maintained the truck in question. This maintenance included adjustment of the brakes in the period leading up to the accident in question. None of the other drivers who drove the truck in question made any notations on their inspection reports about any safety issues with the truck. In fact, the reports consistently reflected that the truck's condition was satisfactory.

On the date of petitioner's accident in May of 2013, he was reassigned to the truck at issue and noted no issues pursuant to his inspection. In fact, petitioner testified that he

1

specifically checked the brakes and found no issues. Petitioner drove the truck approximately one mile and obtained a load without incident. On his way back to the shop, petitioner alleges that the truck shut off while he was climbing a hill. The truck then began rolling backward, at which point petitioner attempted to engage all of the brakes. Petitioner was unable to stop the truck and it continued to roll down the hill. The truck then collided with a rock wall at the bottom of the hill, where petitioner alleged that he was knocked unconscious and sustained injuries to his back, head, left elbow, and right shoulder/clavicle. According to the circuit court, the discovery below reflected that respondent was not cited by any state or federal regulatory agency as a result of the accident. Similarly, the record lacked any evidence of safety issues found in the truck following the accident.

In May of 2015, petitioner filed a complaint against respondent and alleged a deliberate intention cause of action. In April of 2016, respondent filed a motion for summary judgment. Following petitioner's response, the circuit court held a hearing on the motion that same month. In May of 2016, the circuit court entered an order granting respondent's motion for summary judgment. According to the circuit court, petitioner failed to present prima facie proof of each of the five elements of a deliberate intention cause of action. It is from the circuit court's order that petitioner appeals.

We review de novo petitioner's appeal of the circuit court's summary judgment order. "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Our review is guided by the principle that

> "'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3*, Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

*Painter*, 192 W.Va. at 190, 451 S.E.2d at 756, Syl. Pt. 2. Furthermore,

> "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syllabus point 4, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

Syl. Pt. 5, *Toth v. Bd. of Parks & Recreation Comm'rs*, 215 W.Va. 51, 593 S.E.2d 576 (2003). Upon our review, we find no error below.

First, petitioner argues that the circuit court erred in finding that he failed to establish a prima facie case of deliberate intention because he created a genuine issue of material fact below.[1] We do not agree. We have previously held that

"'[a] plaintiff may establish a "deliberate intention" in a civil action against an employer for a work-related injury by offering evidence to prove the five specific requirements provided in [W.Va.Code § 23-4-2(d)(2)(ii) (2010)].' Syl. Pt. 2, *Mayles v. Shoney's, Inc.*, 185 W.Va. 88, 405 S.E.2d 15 (1990)." Syl. Pt. 3, *Tolley v. ACF Industries, Inc.*, 212 W.Va. 548, 575 S.E.2d 158 (2002).

Syl. Pt. 5, *Smith v. Apex Pipeline Serv., Inc.*, 230 W.Va. 620, 741 S.E.2d 845 (2013).[2] Moreover, we have instructed that

a court shall dismiss a deliberate intention action "upon motion for summary judgment if it finds . . . that one or more of the facts required to be proved by the

---

[1]The Court notes that our deliberate intention statute, West Virginia Code § 23-4-2, was amended effective June 12, 2015. We apply the version of this statute as it existed at the time of petitioner's injury in May of 2013.

[2]Pursuant to West Virginia Code § 23-4-2(d)(2)(ii) (2010), the five elements necessary to establish a claim of deliberate intention are as follows:

(A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death; (B) That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition; (C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions; (D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and (E) That the employee exposed suffered serious compensable injury or compensable death as defined in section one, article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

3

provisions of subparagraphs (A) through (E), inclusive, paragraph (ii) of this subdivision do not exist." W.Va.Code § 23-4-2(d)(iii)(B). Each of the five statutory factors "is an essential element of a 'deliberate intention' cause of action, which a plaintiff has the ultimate burden to prove. Therefore, at the summary judgment stage, if a defendant should establish that no material issue of fact is in dispute on any one of the factors, and such a finding is in favor of the defendant, summary judgment must be granted to the defendant." *Mumaw v. U.S. Silica Co.*, 204 W.Va. 6, 11, 511 S.E.2d 117, 122 (1998). Finally, "'in order to withstand a motion for summary judgment, a plaintiff must make a prima facie showing of dispute on each of the five factors.'" *Marcus v. Holley*, 217 W.Va. 508, 520, 618 S.E.2d 517, 529 (2005) (quoting *Mumaw*, 204 W.Va. at 9, 511 S.E.2d at 120).

*Smith*, 230 W.Va. at 628, 741 S.E.2d at 853.

In granting respondent's motion for summary judgment, the circuit court found that petitioner failed to establish the following elements: (1) a specific unsafe working condition; (2) respondent's actual knowledge of a specific unsafe working condition; and (3) petitioner's intentional exposure to a specific unsafe working condition. In regard to the lack of a specific unsafe working condition, the circuit court found that, contrary to petitioner's assertion that the truck in question suffered from issues with its fuel and brakes, "the discovery record is devoid of any evidence of any such issues at the time of his accident . . . ." The circuit court based this finding on the fact that the maintenance and repair records for the truck lack any "reference . . . to any issue with the truck shutting off . . . [or] any reference to any safety issue with the brakes."

On appeal, petitioner argues that the maintenance and repair records actually reflect safety issues, as the truck "was repaired [seventy-four] times in May [of] 2013, and [twenty-one] of those instances involved the truck's brakes." Accordingly, petitioner argues that this evidence corroborates his testimony concerning his prior complaints about the truck. We do not agree, as the circuit court specifically found that these maintenance and repair records "show regular brake adjustments, but that in and of itself does not show that there was a specific unsafe working condition with regard to the brakes on the trucks." Moreover, the circuit court found that several other drivers operated the truck without incident and that "[i]n the weeks leading up to the accident, the Driver's Inspection Reports reveal no reported issues consistent with [petitioner's] prior complaints about the truck." Further, petitioner's own inspection on the day of the accident revealed no issues with the truck. Based upon this evidence, it is clear that the circuit court did not err in finding that petitioner failed to meet his burden of showing that a genuine issue of material fact existed in regard to an actual, specific unsafe working condition. Accordingly we find no error in the circuit court granting respondent's motion for summary judgment, as petitioner's failure to establish each essential element of a claim of deliberate intention entitled respondent to summary judgment.[3]

---

[3]As noted above, the circuit court also found that petitioner failed to establish that respondent had actual knowledge of a specific unsafe working condition and intentionally exposed petitioner

(continued . . . )

Finally, the Court finds no error in regard to petitioner's assignment of error concerning the circuit court's failure to grant him additional time for discovery below. In support of his argument, petitioner alleges that he requested additional time to depose witnesses to oppose respondent's motion for summary judgment. According to petitioner's counsel, he had a miscommunication with respondent's counsel regarding the production of witnesses. Specifically, he alleges that respondent's counsel informed him that respondent would make its former employees available, but later informed him that he would have to subpoena those witnesses.[4] As such, petitioner argues he should have been entitled to additional discovery in order to depose his coworkers. We do not agree as petitioner clearly failed to comply with the requirements of Rule 56(f) of the West Virginia Rules of Civil Procedure.

According to Rule 56(f),

[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Petitioner presented no such affidavit in support of his assertion that additional time for discovery was necessary. In fact, petitioner did not move the circuit court for any extension of the discovery deadline. Instead, petitioner, in a footnote in his response to respondent's motion for summary judgment, indicated that he was "currently in the process of accomplishing" the task of subpoenaing witnesses for depositions.

---

to the same. On appeal, petitioner presents arguments as to why these findings were additionally in error. However, the circuit court's rulings in regard to these additional elements were based, in part, upon petitioner's failure to establish a genuine issue of material fact as to the existence of a specific unsafe working condition. That is to say, because petitioner could not establish a genuine issue of material fact as to the existence of a specific unsafe working condition, it follows that he could not establish a genuine issue of material fact that respondent had actual knowledge of any such condition or intentionally exposed petitioner to such condition. Moreover, our prior holdings indicate that failure to establish a genuine issue of material fact as to any one of the essential elements of a deliberate intention cause of action entitles a defendant to summary judgment. *Smith*, 230 W.Va. at 628, 741 S.E.2d at 853. As such, we find that it is unnecessary to address these additional findings on appeal.

[4]Respondent ceased operations prior to petitioner filing the complaint at issue and, thus, no longer employed the witnesses petitioner sought to depose. Petitioner concedes that there is no record of this conversation. Conversely, respondent asserts that it would have been unlikely to indicate to petitioner that it could make any potential witnesses available without a subpoena as it no longer employed those individuals at any point during the circuit court proceedings.

In addressing motions to continue discovery, we have held as follows:

> "An opponent of a summary judgment motion requesting a continuance for further discovery need not follow the exact letter of Rule 56(f) of the West Virginia Rules of Civil Procedure in order to obtain it. When a departure from the rule occurs, it should be made in written form and in a timely manner. The statement must be made, if not by affidavit, in some authoritative manner by the party under penalty of perjury or by written representations of counsel. At a minimum, the party making an informal Rule 56(f) motion must satisfy four requirements. It should (1) articulate some plausible basis for the party's belief that specified "discoverable" material facts likely exist which have not yet become accessible to the party; (2) demonstrate some realistic prospect that the material facts can be obtained within a reasonable additional time period; (3) demonstrate that the material facts will, if obtained, suffice to engender an issue both genuine and material; and (4) demonstrate good cause for failure to have conducted the discovery earlier." Syllabus Point 1, *Powderidge Unit Owners Assoc. v. Highland Properties, Ltd.*, 196 W.Va. 692, 474 S.E.2d 872 (1996).

Syl., *Elliot v. Schoolcraft*, 213 W.Va. 69, 576 S.E.2d 796 (2002). The record in this matter is devoid of good cause for petitioner's failure to have completed the depositions of his coworkers prior to the discovery deadline's expiration or the filing of respondent's motion for summary judgment.[5] Moreover, petitioner fails to articulate any plausible basis that some discoverable material facts likely exist but have not yet been accessible to him. Petitioner's only contention in this regard is that some of his coworkers may be able to corroborate his assertion that the truck in question suffered from brake and fuel issues. However, as noted above, the maintenance and repair records, as well as the other driver's inspection reports, included no evidence in support of these allegations. As such, we find no error in the circuit court's refusal to extend the discovery deadline below.

For the foregoing reasons, the circuit court's May 19, 2016, order granting respondent's motion for summary judgment is hereby affirmed.

---

[5]Petitioner additionally contends that an extension of the discovery deadline was warranted because respondent included, as an exhibit to its motion for summary judgment, a version of its responses to his first set of interrogatories and requests for production of documents served on April 6, 2016, one day prior to the filing of its motion for summary judgment. Petitioner alleges, without any evidence or citation to the record, that this version of respondent's discovery responses differed significantly from the version it served on him in December of 2015. However, petitioner did not include respondent's December of 2015 discovery responses in the appendix on appeal. Accordingly, petitioner's assertion that he needed additional time for discovery to determine the significance of the information provided in these discovery responses lacks any basis in the record on appeal. As such, we find that petitioner is entitled to no relief in this regard.

Affirmed.

**ISSUED**:  May 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker